IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Karvelas Stevens, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| | ) | **RE § 1915(e)(2) SCREENING** |
| vs. | ) | |
| | ) | |
| Bill Zimmerman et al., | ) | |
| | ) | Case No. 1:15-cv-00078 |
| Defendant. | ) | |

Plaintiff Karvelas Stevens is a prisoner at the Sterling Correctional Facility in Sterling, Colorado. On June 15, 2015, Plaintiff filed with the court a pro se complaint. Plaintiff has been granted leave to proceed *in forma pauperis* in the above-captioned case. The matter is now before the court for screening pursuant to 28 U.S.C. § 1915(e)(2).

In the complaint, Plaintiff, an African-American, alleges he was racially discriminated against by his former employer Zeco, Inc. Upon review, the undersigned is not prepared to conclude that no claim for relief has been stated as it relates to Defendant Zeco, Inc. However, there are no factual allegations for a claim against Defendants Bill Zimmerman and Paul Thompson, and there are insufficient factual allegations for a claim against Defendant Jeff Widener. For the reasons set forth below, the undersigned recommends that the complaint be dismissed without prejudice as to defendants Zimmerman, Thompson, and Widener, and be served only on Defendant Zeco, Inc., unless Plaintiff files an amended complaint in the time period set forth below.

**I.  STANDARDS GOVERNING § 1915(e)(2) REVIEW**

1

Section 1915(e)(2) provides that, notwithstanding financial eligibility, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Federal Rule of Civil Procedure 8(a)(2) requires a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" To meet this standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S.C. 544, 570 (2007). In applying the standard, the court must accept the plaintiff's factual allegations as true. Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Pro se complaints must be liberally construed. Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). However, in construing a pro se complaint, the court "will not supply additional facts, nor . . . construct a legal theory for plaintiff that assumes facts that have not been pleaded." Id. (citing Dunn v. White, 880 F.2d 1188, 1197 (10th Cir. 1989)).

"Title VII and § 1981 set forth substantially identical, legal theories of recovery in cases alleging intentional discrimination in employment on the basis of race." Wright v. St. Vincent Health System, 730 F.3d 732, 737 (8th Cir. 2013). Title VII of the Civil Rights Act of 1964 prohibits the discharge of any individual because of their race, McDonald v. Santa Fe Trail Transp. Co., 427 U.S. 273, 278 (1976), while 42 U.S.C. § 1981 prohibits racial discrimination in private employment. Id. at 287. To state a cognizable claim for violation of federal civil rights under 42 U.S.C. § 1981 or Title VII, the plaintiff must allege intentional discrimination in employment on the basis of race. Id. Further, Rule 8(a) requires an employment discrimination complaint make enough allegations for the defendant to receive fair notice of what the plaintiff's claims are and the basis on

which they were made.  Swierkiewicz v. Sorema, 534 U. S. 506, 512 (2002).

**II.      DISCUSSION**

**A.      Claims against Bill Zimmerman, Paul Thompson and Jeff Widener**

Plaintiff's complaint does not allege Bill Zimmerman and Paul Thompson were involved in the actions Plaintiffs asserts give rise to his claim.  The only portion of the complaint in which their names appear is the caption.  See Docket No. 1-2.  The allegations in the complaint are insufficient to state a claim against Zimmerman or Thompson because there is not a single allegation that speaks to any involvement on their part as it relates to possible violations of Title VII or 42 U.S.C. § 1981.  Although Plaintiff Stevens does reference involvement by Jeff Widener in Plaintiff's termination through a conveyance that Plaintiff get his "belongings and leave," as well as a statement telling the plaintiff to periodically call him regarding a potential return to work, the allegations are insufficient to allege Widener was involved in racial discrimination.

**B.      Claims against Zeco. Inc.**

Upon initial review, the court is not prepared to conclude that no claim for relief has been stated against Zeco, Inc.

**III.    RECOMMENDATION**

For the reasons stated above, it is **RECOMMENDED** that:

1.   Plaintiff's claims against defendants Bill Zimmerman, Paul Thompson and Jeff Widener be dismissed without prejudice unless Stevens files an amended complaint curing the deficiencies discussed above within sixty (60) days of the filing of this Report and Recommendation.

2. If Plaintiff does not file an amended complaint, Plaintiff be permitted to proceed with his claims against Zeco, Inc., only.

3. If Plaintiff files an amended complaint, this Report and Recommendation be deemed moot and the amended complaint be subjected to a new § 1915(e)(2) screening.

4. The Clerk's Office delay service of the summons and complaint on all parties until Plaintiff's time for filing an amended complaint has lapsed and Plaintiff's amended complaint has been screened if necessary.

## IV. NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 31st day of July, 2015

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court